## Commonwealth *v.* Adler, Appellant.

*Liquor law—Selling liquor without a license—Delivery by common carrier.*

Under the law of Pennsylvania, it is not a criminal offense for a carrier to deliver liquor to a purchaser when the carrier does not know that the sale is unlawful.

Where the owner of a transfer company received consignments of liquor from the trucks of a wholesale liquor dealer, properly directed to various individuals, and delivered them at the usual transfer rate, and also collected a fee of $.05 for each empty case or keg collected and redelivered to the agents of the wholesale liquor dealer, he is not guilty of selling liquor without a license.

Argued October 8, 1918. Appeal, No. 23, April T., 1919, by defendant, from judgment of Q. S. Mercer County, April T., 1917, No. 65, on verdict of guilty in case of Commonwealth v. Nathan Adler. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Indictment for selling liquor without a license. Before McLaughry, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* was judgment of the court.

*A. L. Freiberg* and *Donald Thompson,* of *Calvert, Thompson & Wilson,* and with them *Service & McLean, Oscar J. Denny* and *J. M. Campbell,* for appellants.

*George R. Rowley,* and with him *W. G. Barker,* District Attorney, for appellee.

Opinion by Porter, J., July 17, 1919:

This defendant was indicted for selling liquor without a license and upon his demurrer to the evidence was by the court below adjudged guilty, from which judgment we have this appeal. The questions presented by this appeal are not the same which we have considered in the cases of Commonwealth v. Jacobson, Commonwealth v. Bayne and Commonwealth v. Scanlon, in which opinions have this day been filed. The cases mentioned were considered by the court below at the same time with that of this defendant; the manner in which the cases were presented by counsel for the Commonwealth and for the several defendants was confusing, and the learned judge of the court below inadvertently assumed that the facts were the same in all of the cases. This was a mistake. The evidence to which this defendant demurred was not the same as that presented by the Commonwealth in the cases against the other defendants.

The demurrer to the evidence of the Commonwealth admitted all the facts which the evidence tended to prove and all inferences reasonably deducible therefrom, but it did not admit that this defendant knew the manner in

which the defendants in the other cases had been doing business. The evidence would have warranted a finding of the following facts, viz: This defendant and Joseph Canteloupe did business under the name of the Union Transfer Company, with their principal place of business in the Borough of Farrell; the principal business of the Union Transfer Company was the receipt and delivery of packages of liquor delivered at the headquarters of the company, on Idaho street, in said borough; the packages were delivered to the transfer company by the motor trucks of P. J. Scanlon, a wholesale liquor dealer in the City of Youngstown, Ohio; upon each package was a card upon which was written the name of the person to whom the package was to be delivered by the transfer company; the transfer company delivered the packages to the parties to whom they were addressed, subsequently collected the empty cases and kegs, took them to the store room of the transfer company in Farrell and delivered them to the drivers of the Scanlon motor trucks. For said services the Union Transfer Company received from P. J. Scanlon a fee of ten cents for each package of liquor delivered, the usual transfer rate, and a fee of five cents for each empty case or keg collected by the company and delivered to the drivers of the Scanlon trucks. There was nothing in the evidence to warrant a finding that this defendant had ever entered into any contract for the sale of liquor to any person or that he knew that Scanlon or any of his agents had entered into a contract to sell liquor and deliver it at the residence of the purchaser in Mercer County. The evidence would not have warranted a finding that this defendant knew that Scanlon or any of his agents ever entered into a contract in Mercer County for the sale of liquor, nor that he or they had at any place made an agreement to sell and deliver liquor in Mercer County. Every package of liquor which this defendant delivered may have been bought personally by the purchaser at the store of Scanlon in Youngstown, Ohio, and the purchasers may have paid Scanlon in ad-

vance all the charges for the delivery thereof at their residences in Mercer County. The law of Pennsylvania does not make it a criminal offense for a carrier to deliver liquor to a purchaser when the carrier does not know that the sale is unlawful. If the purchasers had gone to the store of Scanlon, in Youngstown, and there bought liquor which was set apart for them and had paid Scanlon for delivering it in Mercer County, the transaction would not have been unlawful: Commonwealth v. Hess, 148 Pa. 98. So far as the admissions of the defendant go, he was a carrier engaged in a business which was not unlawful.

The judgment is reversed and the defendant is discharged without day.